IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 3:13MJ221 (DJN) |
| ) | |
| WILLIE J. RAYNOR, ) | |
| Defendant.  ) | |
| _____ ) | |

## MEMORANDUM OPINION

Following a traffic stop on April 21, 2013, Defendant was charged with Driving Under the Influence (DUI), his second such offense in five years in violation of the Code of Virginia §§ 18.2-266(ii) and 18.2-270. Defendant pled guilty to the charge on November 8, 2013, and the matter was set for sentencing. On January 22, 2014, the Court provided notice to the parties that the Court may *sua sponte* upwardly depart from the sentencing guidelines or grant an upward variance on the basis that Defendant's criminal history category understated the seriousness of Defendant's extensive criminal record. (ECF No. 82.) For the reasons stated from the bench during the sentencing hearing and for the reasons set forth below, the Court finds that an upward departure is warranted based upon a guideline calculation that understates the seriousness of Defendant's criminal history.

I. Factual Background

On April 21, 2013, shortly after 9:10 p.m., Officer Michael Purdy observed Defendant's vehicle travelling westbound on Route 36. (Mot. to Suppress Hearing Tr. at 12.) Officer Purdy initiated a traffic stop upon Defendant's vehicle weaving in his lane, touching and riding upon the fog line and nearly colliding with another driver. (Raynor Video at 21:10-11.) After

stopping Defendant's vehicle and detecting a strong odor of alcohol emitting from Defendant, Officer Purdy administered field sobriety tests, which Defendant unsuccessfully attempted to complete.

During the stop, Defendant agreed to submit a breath sample, but provided six deficient samples, which constituted a refusal to provide a sample. Defendant began shaking, biting his fingers and arms, and yelling — claiming that he was experiencing diabetic shock. Paramedics responded to the scene and determined that Defendant was not experiencing diabetic shock, but transported Defendant to the hospital for a mental evaluation. During Defendant's treatment at the hospital, a blood test indicated that Defendant's blood alcohol content registered at .219 — *roughly three times* the legal limit in Virginia. Thereafter, finding that Defendant suffered no medical problems, Defendant was released from the hospital.

## II. Procedural Background

Defendant was charged with Driving Under the Influence of Alcohol, his second within five years — stemming from a previous DUI conviction on June 22, 2010— and Failure to Maintain a Single Lane of Travel with notice provided that Defendant refused to submit to a blood, breath or urine test. (Criminal Information (ECF No. 1) at 1-2.) On May 10, 2013, Defendant appeared before the Court for his Initial Appearance and Arraignment on the charges and entered a plea of not guilty. (ECF No. 2.) The Court placed Defendant under pretrial release supervision with a condition that "the defendant must not violate federal, state, or local law while on release." (Order Setting Conditions of Release (ECF No. 5) at 1.)

On August 20, 2013, in violation of this Court's conditions of supervised release, Defendant was arrested in Petersburg, Virginia, and charged with felonious assault, stemming from an altercation in which Defendant beat a woman with a baseball bat. (Pet. for Action on

Conditions of Pretrial Release (ECF No. 27).) On October 4, 2013, as a result of the new assault charge, the Court revoked Defendant's bond and ordered his detention pending resolution of the state assault charges. (ECF No. 35.) Defendant ultimately pled guilty to an amended charge of Assault and Battery (misdemeanor) in the Petersburg Circuit Court on March 11, 2014, and was sentenced to twelve months' imprisonment with six months suspended for the baseball bat assault. (Presentence Report (PSR) Third Addendum (ECF No. 84) at A-3.)

On November 8, 2013, Defendant pled guilty to Driving Under the Influence of Alcohol and Failure to Maintain a Single Lane of Travel. (ECF No. 71.) The Court initially scheduled the matter for sentencing on January 24, 2014, and ordered a Presentence Investigation and Report (PSR). Considering only Defendant's convictions within the past ten years, the PSR calculated a criminal history category of III for Defendant. (PSR at 11-13, 21.) The PSR also identified 31 misdemeanor offenses and one felony conviction that were not scored when calculating Defendant's criminal history category due to the age of the convictions as potentially warranting an upward departure. (PSR at 21.) The unscored convictions included nine worthless check convictions, two resisting arrest convictions, one resisting public officer conviction, seven convictions for driving while license revoked, one false summons to a police officer, three assault convictions, one injury to real property conviction, one larceny conviction and one conviction for possession of stolen goods. (PSR at 5-16.) Furthermore, the PSR also identified three previous convictions for driving while impaired — conduct very similar to the offense at issue — as being unscored. (PSR at 5-13.) Based on a criminal history category III and a total offense level of four, the guidelines provided a range of 0-6 months' imprisonment; however, the offense mandated a minimum sentence of 20 days' imprisonment. (PSR at 21.)

After receiving the PSR, the Court continued the sentencing to March 21, 2014, and

3

provided the parties with notice in conformity with Fed. R. Crim. P. 32(h) that the Court may *sua sponte* depart upward on the basis that Defendant's criminal history category understated Defendant's extensive criminal record and due to Defendant's conduct while under this Court's supervision. (ECF No. 82.) The Government did not file a position as to the upward departure. Defendant filed a written objection to an upward departure before the sentencing hearing. (Def.'s Position on Upward Departure or Variance (ECF No. 83).)

The Court then conducted a sentencing hearing on March 21, 2014. Both parties stated that they had no objections to the PSR and the calculation of a range of 0-6 months' imprisonment for a criminal history category III with an offense level 4, so the Court adopted the PSR. The Court then turned to whether it should upwardly depart. At that time, the Government objected to the departure and recommended a sentence of 60 days' imprisonment. Defense counsel also objected. During defense counsel's argument, the Court engaged defense counsel regarding the appropriateness of an upward departure, while also thoroughly addressing each factor set forth in 18 U.S.C. § 3553(a). Notably, during the hearing, both parties agreed that the Court could *sua sponte* depart upward after having given notice of the possibility of such a departure.

After considering the position of both parties, the basis for an upward departure as set forth in U.S.S.G. § 4A1.3 and the factors set forth in 18 U.S.C. § 3553(a), the Court determined that an upward departure was warranted. The Court then turned to the amount of the departure and the parties pointed out that, without the time limitations set forth in the guidelines, Defendant could only receive two additional points for the 31 unscored misdemeanors and one additional point for the unscored felony conviction. Based on these three additional points, the Court departed upward one criminal history category, which resulted in a final criminal history

4

category of IV. With an offense level 4, the revised criminal history category resulted in a guideline range of 2-8 months' imprisonment. The Court then sentenced Defendant on the first count of DUI to 7 months' imprisonment (one month higher than the original guideline range) consecutive to any outstanding state sentence pursuant to *Setser v. United States*, 132 S. Ct. 1463 (2012), a year of supervised release, a fine of $500, a mandatory payment of $50 to the Victim Trauma Fund and a Special Assessment of $25. As to the second count, the Court imposed a Special Assessment of $10 with no additional sentence.

### III. Grounds for Departure

Pursuant to § 4A1.3 of the Sentencing Guidelines, a court may depart upward on the basis that "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a); *United States v. NcNeil*, 598 F.3d 161, 166 (4th Cir. 2010). Here, Defendant raises no challenge to the reliability of his unscored convictions. Instead, his objection focused on whether his 31 prior unscored misdemeanor convictions and one unscored felony conviction "substantially under-represent" his criminal history.

While no bright-line rule exists to determine the number of convictions that substantially under-represents a defendant's criminal history category, trial courts must consider the totality of a defendant's criminal history, the number of unscored convictions and the nature of the crimes, including repeated similar offenses, when assessing the adequacy of a calculated criminal history category. *See United States v. Rivera-Santana*, 668 F.3d 95, 103 (4th Cir. 2012) (upholding upward departure based on "the extensive and serious nature of [the defendant's] criminal activities, his chronic recidivism, his squandering of opportunities accorded by his lenient

5

punishments, and the consequences of his most recent [crime]"); *McNeil*, 598 F. 3d at 166 (upholding upward departure based on multiple unscored convictions where defendant had 21 prior convictions, his offenses were becoming increasingly violent and he committed offenses while on parole); *United States v. Whorley*, 550 F.3d 326, 341 (4th Cir. 2008) (upholding upward departure where defendant engaged in continuing acts of similar conduct that were not accounted for in his criminal history); *United States v. Evans*, 526 F.3d 155, 163 (4th Cir. 2008) (upholding upward departure based on defendant's 43 past convictions that escalated in violence, some of which were for similar behavior as that at issue).[1]

Here, Defendant appeared before the Court with 35 prior misdemeanor convictions, a felony conviction, multiple probation violations, and an assault conviction that occurred while he was under this Court's supervision. Moreover, Defendant committed the current DUI offense while he was under the supervision of the Colonial Heights General District Court for a conviction for the very same offense. (PSR Worksheet C at 2.) To describe Defendant as a recidivist does not render justice to the term. Yet, his prior felony conviction and 31 of his misdemeanor convictions were not scored due to the time-limits of U.S.S.G. § 4A1.2(e).

The sheer number of unscored convictions alone would provide a basis for an upward departure, since less than ten percent of his convictions were scored. But, there are far more reasons to support an upward departure. Defendant committed the current DUI not only after a prior conviction for DUI (for which he was still serving the sentence when he committed this

---

[1] The Fourth Circuit has affirmed upward departures for understatement of criminal history in several other unpublished decisions as well. *See United States v. McKeithan*, __ F. App'x __, 2014 WL 1099776 (4th Cir. Mar. 21, 2014); *United States v. Acklin*, __ F. App'x __, 2014 WL 763419 (4th Cir. Feb. 27, 2014); *United States v. Johnson*, 535 F. App'x 245 (4th Cir. 2013); *United States v. Vick*, 529 F. App'x 383 (4th Cir. 2013); *United States v. Kelly*, 523 F. App'x 990 (4th Cir. 2013); *United States v. Wilkins*, 439 F. App'x 203 (4th Cir. 2011).

offense), but also after three prior unscored convictions for Driving While Impaired — offenses involving the same type of dangerous conduct. The danger of Defendant's driving while intoxicated in the current offense is even further magnified by his blood alcohol content of .219 — nearly three times the legal limit.

Furthermore, Defendant's guilty plea to beating a woman with a baseball bat while on pretrial release for the current offense takes on additional significance when evaluated in the context of his three prior assault convictions, three prior resisting arrest convictions and five prior probation violations — none scored in his criminal history. These convictions reflect Defendant's repeated choice of violence to address his problems and underscore the danger that he represents to the community, even when supervised by a court. Thus, ample grounds exist for an upward departure under § 4A1.3.

Furthermore, as discussed in detail during the sentencing hearing, a sentence within the initial guideline range would not be in accord with the factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides in relevant parts that the sentence imposed must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant;

\* \* \*

18 U.S.C. § 3553(a)(1)-(2)(A)-(C).[2]

---

[2] Although the Court focuses on only these parts of § 3553(a) here, the Court addressed every provision of § 3553(a) during the sentencing hearing.

As noted above, the offense here consists of Defendant having a blood alcohol content of nearly three times the legal limit, which alone could have provided a basis for an upward departure. Defendant committed the current offense while under supervision for the very same type of offense and after being convicted of three other similar types of offenses that were not scored in his criminal history. The current conviction constitutes his 37th conviction and he has repeatedly violated terms of supervision, either while on probation or while on pretrial release for the current case. Thus, Defendant's criminal history and personal characteristics epitomize a recidivist — one who constitutes a serious danger to the community.

Also, a sentence within the initial guideline range would not promote respect for the law or deterrence. As noted, Defendant has five convictions stemming from probation violations and he committed the current DUI while under the supervision of the Colonial Heights General District Court from his conviction for DUI on June 22, 2010. Finally, while on release and under the supervision of this Court, Defendant committed an assault which involved him beating a woman with a baseball bat. These actions demonstrate that Defendant lacks any regard for the law and that he has not been deterred by prior sentences or orders of courts. *See United States v. McGee*, 736 F.3d 263, 273 (4th Cir. 2013) ("Deterrence is a goal a sentencing court must take into consideration . . . . The court's belief that [defendant], in particular, needed to be deterred . . . unquestionably was a valid consideration.").

## IV. Extent of Departure

Having found that a basis for upward departure under U.S.S.G. § 4A1.3 exists, the next issue becomes the extent of the departure. Under U.S.S.G. § 4A1.3(a)(4)(A), "the court shall determine the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely

8

resembles that of defendant's." U.S.S.G. § 4A1.3(a)(4)(A). The Fourth Circuit has further instructed that a "court that elects to upwardly depart under section 4A1.3 must move horizontally across successive criminal history categories up to category VI, and, if category VI is inadequate, the court must then vertically traverse to successively higher offense levels until it finds a guideline range appropriate for the case." *McNeil*, 598 F.3d at 166.

The Court here followed the *McNeil* mandate and moved horizontally to the next criminal history category — from category III to category IV — by only considering an additional point for Defendant's prior unscored felony conviction and two additional points for his 31 prior unscored misdemeanors. The Court only awarded two additional points for Defendant's 31 prior unscored misdemeanors due to the limitation in U.S.S.G. § 4A1.1(c) that provides for a maximum of four points for misdemeanors. Thus, even under this approach, 29 of Defendant's prior misdemeanor convictions still went unscored.

The addition of three points moved Defendant's criminal history category from category III to category IV, which resulted in a guideline range of 2-8 months' imprisonment. The Court then sentenced Defendant to 7 months' imprisonment, which was within the recalculated guideline range and only one month beyond the initial guideline range. Consequently, the Court believes that the extent of the upward departure was both reasonable and lenient considering Defendant's extensive criminal history.

V.     Conclusion

For the reasons set forth above, the Court finds that an upward departure was justified

and the extent of the departure was appropriate.

    Let the Clerk file this Opinion electronically and notify all counsel accordingly.

                                                         /s/  
                                    David J. Novak  
                                    United States Magistrate Judge

Richmond, Virginia  
Dated: March 31, 2014